O

# United States District Court
# Central District of California

| | |
|---|---|
| MYRA STEEN, Individually, and as successor-in-interest to JANICE WILLIAMS and on Behalf of the Class, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>AMERICAN NATIONAL INSURANCE COMPANY,<br><br>        Defendant. | Case № 2:20-cv-11226-ODW (SKx)<br><br>**ORDER DENYING MOTION TO DISMISS AS MOOT [29]** |

On November 9, 2021, Defendant American National Insurance Company served Plaintiffs Myra Steen and Janet Williams with a Federal Rule of Civil Procedure ("Rule") 12(b)(6) Motion to Dismiss. (ECF No. 29.) On November 24, 2021, Plaintiffs filed a First Amended Complaint, fifteen days after Defendant filed its Motion. (ECF No. 30.) Federal Rule of Civil Procedure 15(a)(1) allows plaintiffs to file an amended complaint once as a matter of course within twenty-one days of being served with a Rule 12(b) motion. While Rule 15(a)(1) does not expressly indicate whether it applies when, as here, a first motion to dismiss was mooted some time ago by the staying of the case, it appears that application of Rule 15(a)(1) in this instance

would effectuate its purpose of giving a pleading party one opportunity early on in the proceedings to adjust their pleading. Moreover, Defendant has not filed any opposition to amendment, and the parties agree that the California Supreme Court's recent decision in *McHugh v. Protective Life Insurance Company* has a direct effect on their own case. Amendment therefore furthers justice as provided by Rule 15(a)(2). Accordingly, Plaintiffs' leave to amend in this instance arises from both Rule 15(a)(1) and Rule 15(a)(2).

Plaintiffs' amended complaint was proper. As Defendant's pending Motion to Dismiss was based on a complaint that is no longer operative, the Motion is **DENIED** as **MOOT**. (ECF No. 29); *see Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

**IT IS SO ORDERED.**

December 3, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**